# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ANGELINA MONTEMURRO, M.D.,
        Plaintiff,

v.                                                     Case No. 13-C-1069

UNITED HOSPITAL SYSTEM CORPORATION,
        Defendant.

## DECISION AND ORDER

The plaintiff, Angelina Montemurro, proceeding pro se, has filed a complaint against her former employer, United Hospital System Corporation ("United"). Plaintiff is a physician and alleges that United terminated her because she is a federal informant who helped expose organized-crime activities in Kenosha. When plaintiff filed her case, the Clerk of Court docketed it as one arising under the False Claims Act, 31 U.S.C. §§ 3729–3733, and sealed the file pursuant to § 3730(b). The False Claims Act allows individuals to file actions on behalf of the federal government against those who have defrauded governmental programs. Such cases typically involve allegations that the plaintiff's employer submitted fraudulent claims to Medicare or Medicaid. This is not such a case. Plaintiff is not suing on behalf of the federal government, and she does not allege that United committed Medicare or Medicaid fraud or otherwise defrauded a governmental program. Rather, she is suing on her own behalf (she seeks reinstatement and back pay) and alleges that United terminated her because she

helped federal authorities combat Mafia activity in Kenosha.  Because this suit does not arise under the False Claims Act, it will be unsealed.[1]

Federal courts are courts of limited jurisdiction, and I must examine newly filed complaints to ensure that they properly allege a basis for federal subject matter jurisdiction. See Chase v. Shop n' Save Warehouse Foods, Inc., 110 F.3d 424, 427 (7th Cir. 1997); Wisconsin Knife Works v. National Metal Crafter, 781 F.2d 1280, 1282 (7th Cir. 1986).  I have reviewed plaintiff's complaint, and I am unable to identify any basis for subject matter jurisdiction.  Although plaintiff alleges that she was wrongfully terminated, she does not allege that she was terminated on the basis of race, gender, age, disability, or any other basis protected by federal law.  Rather, she alleges that she was terminated as retaliation for assisting federal authorities in investigating organized crime.  No federal law of which I am aware creates a cause of action for termination for this reason.  Plaintiff cites various Wisconsin laws in her complaint, but claims based on state law generally cannot be brought in federal court unless the parties are citizens of different states.  See 28 U.S.C. § 1332. Plaintiff is a citizen of Wisconsin.  According to records available on the website of the Wisconsin Department of Financial Institutions, United is incorporated in Wisconsin, which means that it is a citizen of Wisconsin for purposes of federal subject matter jurisdiction.  See 28 U.S.C. § 1332(c)(1).  Thus, plaintiff cannot sue United for violations of state law in federal court.

---

[1]One might think that this case should remain sealed because plaintiff alleges that she is a federal informant. However, plaintiff alleged that she was a federal informant in a related case she filed in state court, and the Kenosha News has published a number of articles about that case.  Those articles state that plaintiff believes she is a federal informant who has helped combat organized crime.  Thus, the information in plaintiff's complaint is already public knowledge.

2

Based on the information before me, I must dismiss plaintiff's complaint for lack of subject matter jurisdiction. However, if plaintiff can identify a federal law that renders an employer liable for terminating an employee for assisting with organized-crime investigations, then she may file an amended complaint and cite that law as part of her "short and plain statement of the grounds of the court's jurisdiction." See Fed. R. Civ. P. 8(a)(1). I would, however, be surprised if such a law existed, and I encourage plaintiff to think carefully about whether she has any non-frivolous claims that she can pursue in federal court. It seems very likely that she does not.

For the reasons stated, **IT IS ORDERED** that the Clerk of Court unseal this case.

**IT IS FURTHER ORDERED** that plaintiff's complaint is dismissed for lack of subject matter jurisdiction. Plaintiff may file an amended complaint within thirty days of the date of this order.

Dated at Milwaukee, Wisconsin, this 31st day of October 2013.

                                   s/ Lynn Adelman
                                   _____
                                   LYNN ADELMAN
                                   District Judge